IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NA, | ) | No. 3:12-cv-00231-PA |
| | ) | |
| Plaintiff, | ) | **FINDINGS OF FACT AND** |
| | ) | **CONCLUSIONS OF LAW** |
| v. | ) | |
| | ) | |
| ELLEN M. MCCRACKEN, | ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, J.**

Plaintiff brought this action in Clackamas County Circuit Court for judicial foreclosure of residential property. Defendant timely removed to this court. After a bench trial, these are my findings of fact and conclusions of law. Fed. R. Civ. P. 52(a). Plaintiff is entitled to a judgment of foreclosure.

### Findings of Fact[1]

Robert Ferguson, a loan verification analyst with Wells Fargo, testified as to Defendant's account with Wells Fargo. Mr.

---

[1] If any finding of fact should more properly be characterized as a conclusion of law, or any conclusion of law should more properly be deemed a finding of fact, it should be so construed.

1 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

Ferguson's testimony was based on his review of the records kept by Wells Fargo in the ordinary course of business. I credit his testimony.

Defendant testified at trial that she did not sign the Promissory Note (the "Note") and that the Note and Deed of Trust are fraudulent. I do not credit that testimony. I otherwise credit Defendant's testimony as to facts that are relevant here. I make no findings as to Defendant's testimony about matters not at issue here.

Defendant is and has been at all relevant times the owner of the property situated at 14717 S.E. Linden Lane, Portland, Oregon, which is described in the Statutory Warranty Deed and Deed of Trust (the "Property"). On June 23, 2003, Defendant executed and delivered to New Freedom Mortgage Corporation ("New Freedom") a Promissory Note in the principal amount of $145,400 with an annual interest rate of 5.5%. The Note obligated Defendant to make regular monthly payments to the beneficiary. The first payment was due on August 1, 2003, and the final payment on July 1, 2033. The Note contains an acceleration clause that permits the beneficiary to demand the entire amount of principal and interest, plus fees and costs, if the borrower defaults.

On the same day Defendant executed the Note, Defendant also executed a Deed of Trust on the Property to secure her performance of the Note. The Deed of Trust identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary "solely as nominee for [New Freedom]." The Deed of Trust permits

2 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

the New Freedom or its successors and assigns to foreclose on the Property if Defendant defaults on the Note. The Deed of Trust was acknowledged and recorded in the official records of Clackamas County.

New Freedom transferred the Note to Plaintiff by endorsement. Beginning on September 16, 2003, Defendant made regular payments to Plaintiff under the Note. Defendant made her last payment to Plaintiff on July 19, 2010. On October 17, 2010, Plaintiff sent Defendant a letter demanding payment under the Note. Defendant admits she made no further payments. The outstanding principal due on the Note is $128,613.39. Outstanding interest due on the note is $21,570.12 as of July 19, 2013. The principal and interest, together with other expenses and advances made necessary by Defendant's default and permitted under the Note and Deed of Trust, amount to a total indebtedness of $158,290.51.

On March 4, 2011, MERS, acting as nominee for New Freedom, assigned the Deed of Trust to Plaintiff. That assignment was acknowledged and recorded in the official records of Clackamas County.

### Conclusions of Law

**I. Plaintiff is entitled to enforce the Deed of Trust.**

An instrument may be enforced by 1) the holder of the instrument, 2) a nonholder in possession of the instrument, who has the rights of a holder, or 3) a person not in possession of the instrument who is entitled to enforce under other provisions. ORS 73.0301. A person may be entitled to enforce the instrument

3 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

even if they are not the owner or are in wrongful possession of the instrument. Id.

When a note is transferred by endorsement of the beneficiary, the deed of trust transfers with it by operation of law. See Barringer v. Loder, 47 Or. 223, 228-29 (1905); Brandrup v. ReconTrust Co., NA, 353 Or. 668, 697-99 (2013). Although a deed of trust may purport to name MERS as the beneficiary, the true beneficiary is the party entitled to collect payment under the note. Brandrup 353 Or. at 691-92.

In this case, although the Deed of Trust identifies MERS as the beneficiary, the Note entitles New Freedom to collect payments. Under Brandrup, New Freedom, rather than MERS, was the true beneficiary of the Note. New Freedom transferred the Note to Plaintiff by endorsement, making Plaintiff the beneficiary. As the Oregon Supreme Court held in Barringer and Brandrup, the Deed of Trust necessarily follows the Note. Plaintiff is therefore entitled to enforce both the Note and the Deed of Trust.

**II. Plaintiff has the right to foreclose on the Deed of Trust.**

A trust deed may, at the option of the beneficiary, be foreclosed in the same manner as a mortgage. ORS 86.710. The right to foreclose a mortgage accrues when a covenant is breached, the performance of which the mortgage was given to secure and the breach of which the parties agreed would authorize foreclosure. Churchill v. Meade, 88 Or. 120, 124 (1918).

In this case, the Note obligated Defendant to make monthly payments on the loan. Failure to make those payments permits the

4 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

beneficiary to accelerate the loan and demand the entire sum, along with costs and fees. The Deed of Trust permits the beneficiary to foreclose on the Property if Defendant defaults on the Note.

Defendant breached a covenant of the Note when she failed to make payments after July 19, 2010 and Defendant is therefore in default. By the terms of the Note, Plaintiff is entitled to demand the entire sum, plus costs and fees. Because Defendant has defaulted on the Note, the Deed of Trust permits Plaintiff to foreclose on the Property.

**III. The statutes, case law, and other materials submitted by Defendant do not alter my analysis.**

Defendant submitted a number of statutes, cases, articles, and other materials while presenting her case. I have studied them carefully and I conclude that they are not relevant here.

In particular, Defendant cites the gap between the date of her Statutory Warranty Deed and the dates of the Note and Deed of Trust and asserts that the length of time violates ORS 86.720. However, ORS 86.720 deals with reconveyance of a deed of trust where the obligation has been satisfied and therefore does not apply here. Defendant also draws my attention to ORS 86.750 to 86.795. I have reviewed those statutes and they deal with non-judicial foreclosure sales. Because this proceeding is for judicial foreclosure, those statutes are not relevant.

5 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

## Conclusion

Plaintiff is entitled to a judgment of foreclosure in this case. Plaintiff is to submit a proposed judgment within 30 days. Defendant shall have 20 days to object to the proposed judgment.

IT IS SO ORDERED.

DATED this 30 day of July, 2013.

*Owen M. Panner*
Owen M. Panner
United States District Judge

6 - FINDINGS OF FACT AND CONCLUSIONS OF LAW