IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NA, | ) | No. 3:12-cv-00231-PA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| | ) | |
| ELLEN M. MCCRACKEN, | ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, J.**

This is an action for judicial foreclosure. Plaintiff prevailed at a bench trial held July 23, 2013 and on November 19, 2013, a judgment of foreclosure was signed. Plaintiff now moves the Court for an award of attorney fees in the amount of $16,868.00 and costs in the amount of $1,274.50 pursuant to the parties' contractual agreement. Plaintiff's motion is GRANTED.

**I. Attorney Fees**

The determination of a reasonable attorney fee begins with the "lodestar" approach, determined by multiplying the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved. <u>Pennsylvania v. Delaware Valley</u>

1 - ORDER

Citizens' Council for Clean Air, 478 U.S. 546, 563 (1986). The party seeking the award of fees must submit evidence supporting the hours worked and the rates claimed. Van Gerwen v. Guarantee Mut. Life. Co., 214 F.3d 1041, 1045 (9th Cir. 2000). The court should exclude from the amount "hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." Id. (quotes omitted). A "strong presumption" exists that the lodestar amount represents a reasonable fee. Delaware, 478 U.S. at 565.

After calculating the lodestar, twelve factors are considered to determined if it is necessary to adjust the figure. The twelve factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Morales v. City of San Rafael, 96 F.3d 359, 363, n.8 (9th Cir. 1996)(quoting Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975)). Only those factors which are applicable need be discussed. Sapper v. Lenco Blade, Inc., 704 F.2d 1069, 1073 (9th Cir. 1983). The court may adjust the lodestar 1) downward if the Plaintiff achieved only limited or partial success, Hensley v. Eckerhart, 461 U.S. 424, 440 (1983), or 2) upward in "rare" and "exceptional" circumstances. Delaware, 487 U.S. at 565.

2 - ORDER

In this case, Plaintiff's hourly rates are within the reasonable range of rates for Portland, Oregon attorneys with similar experience as set forth in the Oregon State Bar Economic Survey. The hourly rates are reasonable considering the skill and reputation of counsel and the results obtained. Finally, the hours requested by Plaintiff are reasonable in light of the difficulty of the case.

**II. Costs**

Plaintiff seeks to recover $505 in filing fees, $200 in service fees, $47 in lis pendens recording fees, and $522.50 in judicial sale guarantee. Under 28 U.S.C. § 1920, clerk and service fees are taxable and they are awarded in this case. See Old West Fed. Credit Union v. Skillman, 2:11-cv-01170-SU, 2012 WL 4594256 at *6 (D. Or. Sept. 6, 2012).

Although the foreclosure guarantee and lis pendens fee are not expressly taxable under § 1920, they may be recovered pursuant to a contract which requires the defaulting party to pay costs. Id. Such a contract exists in this case. Consequently, Plaintiff is awarded the full amount of the Bill of Costs.

## Conclusion

Plaintiff's Motion for Attorney Fees and Costs (#114) is GRANTED. Plaintiff is awarded attorney fees in the amount of $16,868.00 and costs in the amount of $1,274.50.

IT IS SO ORDERED.

DATED this __14__ day of January, 2014.

                                    Owen M. Panner
                                    United States District Judge