IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, NA, | ) | No. 1:12-cv-00231-PA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| ELLEN MARGUERITE MCCRACKEN, | ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, J.**

Defendant has filed an affidavit (#125) stating that she has obtained newly discovered documents from Clackamas County records in support of her previously filed motion for relief from judgment. Defendant has also filed an affidavit pursuant to 28 U.S.C. § 144 (#126), stating that Judge Panner has a personal bias or prejudice against Defendant in support of her previously filed motion to recuse. I find nothing in these affidavits to justify disturbing my previous Order denying those motions (#122).

Defendant also submitted an additional Reply (#124). Defendant's additional Reply is essentially identical to

1 - ORDER

Defendant's Reply submitted June 2, 2014 (#121). This Court has already addressed those issues in its previous Order (#122).

## I. Motion for Relief from Judgment

Pursuant to Rule 60(b)(2), Defendant submitted an affidavit stating that, as of June 9, 2014, Defendant has acquired newly discovered evidence from Clackamas County records regarding the property at issue.

Reconsideration is appropriate under Rule 60(b)(2) if the court has been presented with newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b). Fed. R. Civ. P. 60(b)(2). Evidence is not newly discovered, however, if the evidence was in the moving party's possession. Century Indem. Co. v. Marine Group, LLC, No. 3:08-cv-01375-AC, 2012 WL 6016953 at *4 (D. Or. Dec. 3, 2012) (internal quotations omitted). Additionally, evidence which the moving party could have discovered with due diligence and produced to the court at the time of the hearing is not considered newly discovered evidence. Id.

In this case, Defendant's affidavit shows that the newly discovered evidence was in the county records prior to trial. I conclude that the documents might have been discovered and presented at trial by Defendant through the exercise of due diligence. They do not, therefore, constitute newly discovered evidence.

## II. Motion to Recuse

Pursuant to 28 U.S.C. § 144, Defendant has submitted an affidavit stating that Judge Panner has a personal bias or

2 - ORDER

prejudice against Defendant. Defendant states Judge Panner allowed his clerks to misdirect him and that he ignored Defendant's objections. Finally, Defendant argues the Court was unconcerned with the case's facts, and questions whether the Court read Defendant's pleadings.

28 U.S.C. § 144 permits any party to any proceeding in a district court to make and file a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of the adverse party. 28 U.S.C. § 144. Once such an affidavit has been filed, a different judge shall be assigned to hear the proceeding. Id.

In order to be "sufficient," the affidavit "shall state the facts and the reasons for the belief that bias or prejudice exists" and must be accompanied by a certificate of counsel of record stating that it is made in good faith. Id. The Ninth Circuit has repeatedly held that the challenged judge should rule on the sufficiency of a § 144 motion. See e.g. United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986). A judge's previous adverse ruling alone is not a sufficient basis for recusal. Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984).

First, that Judge Panner allowed his clerks to misdirect him and that this Court was unconcerned with the case's facts is unfounded. This Court was presented sufficient evidence to determine that Defendant's Promissory Note and Deed of Trust were legally acquired by Plaintiff. The case was decided on the merits after the presentation of sufficient evidence. This Court found for Plaintiff, but an adverse ruling alone is not a sufficient

3 - ORDER

basis for recusal.

Second, Defendant's allegation that this Court failed to read Defendant's pleadings is unsupported by factual evidence. Defendant needs more than an unsupported, conclusory statement. Her argument is also untrue; this Court read Defendant's pleadings. An adverse ruling is not a sufficient basis for recusal.

Third, Defendant's argument that her objections were ignored is unsupported by the record.  This Court is not obligated to sustain Defendant's objections.

For the aforementioned reasons, Defendant's affidavit is insufficient to sustain a motion to recuse under 28 U.S.C. § 144.

## Conclusion

For the reasons set forth above and those set forth in my previous Order (#122), Defendant's motions are DENIED.

IT IS SO ORDERED.

DATED this __16__ day of June, 2014.

Owen M. Panner
United States District Judge

4 - ORDER